UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X

TREVOR DELLNO KEETH,
           Plaintiff,
-against-

JAMES R. JARMUSCH,
FOCUS FEATURES LLC,
and ANIMAL KINGDOM LLC,
           Defendants.
------------------------------------X



Case No. 1:25-cv-07221-KPF

**FIRST AMENDED COMPLAINT (Jury Trial Demanded)**

**JURISDICTION AND VENUE**

1. This Court has subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338, because this case arises under the Copyright Act, 17 U.S.C. § 501.

2. Venue is proper in this District under 28 U.S.C. § 1391(b) and (c) because Defendants' conduct business in this District, and a substantial part of the acts of infringement occurred in this District.

3. Venue is also proper under 28 U.S.C. § 1400(a) as a civil action arising under the copyright laws.

**Plaintiff Trevor Dellno Keeth alleges as follows:**

1. Plaintiff authored the original screenplay *Dead* in 2003. It was registered with the U.S. Copyright Office, Reg. No. PAU002779531 (2003 deposit). A true copy of the registration deposit is filed separately as Exhibit D.

2. Plaintiff authored a subsequent revision of *Dead* circa 2016, retaining the core plot, structure, and protected expression, with limited updates. Defendants' later work incorporates material from both the 2003 deposit and material only present in the 2016 revision. The 2016 revision is filed separately as Exhibit E.

3. Plaintiff's screenplay won positive festival placements in 2003, resulting in industry circulation. He later revised it in 2016 and re-submitted it to multiple festivals, and was met with positive placements again, including at the 2016 Austin Film Festival, where it

advanced past the first round and received additional professional coverage. At that same festival, Defendants Jarmusch and Animal Kingdom were premiering another film. Plaintiff's screenplay was also submitted to The Black List (a widely circulated industry database of screenplays for producers and directors.) Through these submissions, circulation, and coverage, Defendants and their production partners had a reasonable opportunity and access to Plaintiff's work.

4. Defendants James R. Jarmusch, Focus Features LLC, and Animal Kingdom LLC authored, produced, and/or distributed the motion picture *The Dead Don't Die* (2019.) Defendants' work contains substantial similarities to Plaintiff's screenplay *Dead*, including specific characters, names, locations, dialogue, costumes, narrative structure, unique set pieces, unique themes, and near-verbatim copying of protectable expression.

5. Comparisons are documented in Exhibit A (Plaintiff's Parallels Report) Exhibit B (Independent Reader Report by Kathryn Reiss) and Exhibit C (Plaintiff's Comparative Analysis Video.) Exhibit D is Plaintiff's 2003 registered deposit of *Dead* (U.S. Copyright Registration No. PAU 002779531). Exhibit E is Plaintiff's 2016 revision of the same work. Exhibit F is Defendant Jim Jarmusch's registered screenplay for *The Dead Don't Die* (U.S. Copyright Registration No. PA0002190350), lawfully obtained from the Library of Congress under 37 C.F.R. § 201.2(b)(2) for use in this litigation. Direct comparison of these works shows numerous protectable elements and expressions first appearing in *Dead* and later repeated throughout *The Dead Don't Die*, evidencing deliberate copying and substantial similarity.

6. Plaintiff has been damaged and Defendants have profited by the infringement.

WHEREFORE, Plaintiff respectfully demands judgment against Defendants as follows:

(a) An award of damages in an amount to be determined at trial, but in any event not less than Twenty Million Dollars ($20,000,000), a figure consistent with Defendants' reported worldwide revenues.

(b) Defendants' profits attributable to the infringement, or, at Plaintiff's election, statutory damages under 17 U.S.C. § 504 (including enhanced damages for willful infringement);

(c) Costs, disbursements, and reasonable attorneys' fees as allowed by law;

(d) A permanent injunction restraining Defendants from further reproducing, distributing, or exhibiting *The Dead Don't Die* or any derivative work substantially similar to *Dead*;

((e) In addition, or in the alternative, an injunction requiring Defendants to provide appropriate credit to Plaintiff as the original author of the underlying work *Dead*, upon which *The Dead Don't Die* is based, in all future distributions and public listings of *The Dead Don't Die*.

(f) Such other and further relief as the Court deems just and proper.

Respectfully submitted,

*[signature]*

Oct 19, 2025

Trevor Dellno Keeth (pro se)
P.O. Box 7087
Rochester, MN 55903
Phone: (507) 321-9740

Case No:
# 1:25-cv-07221-KPF

## FIRST AMENDED COMPLAINT

Dear Intake Unit,

    Please submit this FIRST AMENDED COMPLAINT to the court for docketing.

Respectfully,

*[signature]*

10/19/2025
Trevor Dellno Keeth, *Pro se* Plaintiff
P.O. Box 7087
Rochester, MN 55901
(507) 321-9740

Trevor Keller
PO Box 7057
Rochester, MN 55903



RECEIVED
OCT 21 2025
PRO SE OFFICE

Pro Se Intake Unit
500 Pearl St, Room 205
New York, NY 10007

