UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREVOR DELLNO KEETH, | |
| Plaintiff, | |
| -v.- | 25 Civ. 7221 (KPF) |
| JAMES R. JARMUSCH and FOCUS FEATURES LLC, | **ORDER** |
| Defendants. | |

KATHERINE POLK FAILLA, District Judge:

The Court has received Plaintiff's motion for alternative service. (Dkt. #26). For the reasons set forth below, the motion is denied.

After failing to serve individual defendant James R. Jarmusch by traditional means, Plaintiff Trevor Dellno Keeth now seeks leave from this Court to serve Mr. Jarmusch's attorneys at Frankfurt Kurnit Klein & Selz as an alternative method of service. (Dkt. #26 at 3). Mr. Keeth reasons that "[f]urther attempts at personal service are likely to be futile and would impose unnecessary expense." (*Id.* at 2). Specifically, Mr. Keeth explained that he hired investigators to locate Mr. Jarmusch, but that those investigators "proposed significantly higher fees beyond Plaintiff's means, citing the possibility of requiring more diligent effort," once they realized Mr. Jarmusch's level of celebrity. (*Id.* at 1).

Federal Rule of Civil Procedure 4(e)(1) allows a plaintiff to serve an individual defendant by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is

located or where service is made." In New York, service of process on natural persons can be effected "by personal delivery, delivery and mailing, and nailing and mailing, respectively." *AP MA Funding LLC* v. *Caps Plantation LLC*, No. 25 Civ. 6934 (MMG), 2025 WL 3638731, at *2 (S.D.N.Y. Dec. 16, 2025) (internal quotation marks omitted) (quoting *Shim* v. *Luxury Asset Cap., LLC*, No. 24 Civ. 9738 (JPC), 2025 WL 3039958, at *1 (S.D.N.Y. Oct. 31, 2025)). If those traditional means of service are "impracticable," then New York law authorizes a court to allow for service through alternative methods. *Id.* (quoting *Tantaros* v. *Fox News Network, LLC*, No. 25 Civ. 1675 (VSB), 2025 WL 2237407, at *1 (S.D.N.Y. Aug. 5, 2025)). In addition, Federal Rule of Civil Procedure 4(e)(2) allows for service on an individual by "(A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process."

Here, Mr. Keeth has failed to show that "service through ordinary means is impracticable." *AP MA Funding LLC*, 2025 WL 3638731, at *3. Mr. Keeth has not "conducted diligent searches for relevant addresses" in order to effect service by delivery and mailing or nailing and mailing, and he has not demonstrated that Mr. Jarmusch is actively evading service. *Id.* Indeed, Mr. Keeth, who is not proceeding *in forma pauperis*, did not retain investigators because of their fee structure and instead chose to conduct only online searches for Mr. Jarmusch's address. *Cf. Ransome* v. *Epstein*, 17 Civ. 616

2

(JGK), 2018 WL 637421, at *1-2 (S.D.N.Y. Jan. 30, 2018) (granting motion for alternative service because the plaintiff made "numerous efforts to obtain information about the defendant's current residence," including by retaining a private investigation firm).  Under these circumstances, Mr. Keeth has not demonstrated the impracticability of traditional means of service.

The motion for alternative service is DENIED, and the Clerk of Court is directed to terminate the pending motion at docket entry 26.

SO ORDERED.

Dated:　January 8, 2026
　　　　New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge

3